# EXHIBIT A

Electronically Filed Superior Court of CA County of Contra Costa 3/1/2023 2:15 PM By: K. Tellez , Deputy

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF PLEASANT HILL; and DOES 1-25, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARIO MORENO

RECEIVED

MAR 2 0 2023

CITY CLERK'S OFFICE
CITY OF PLEASANT HILL
MAR 20 '23 PM 3:19

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Contra Costa Superior Court<br><br>725 Court Street, Martinez, CA 94553 | CASE NUMBER:<br>*(Número del Caso):*<br>C23-00333 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ryan L. Hicks; 4 Embarcadero Center, Suite 1400, San Francisco, CA 94111; (415) 766 3539

| DATE: ~~02/10/2023~~   3/1/2023 2:15 PM | Clerk, by | /s/ K. Tellez | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario*  Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify):*  City of Pleasant Hill

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):*  public entity CCP 416.50
4. ☐ by personal delivery on *(date):* 3/15/2023

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form | Clear this form |
|---|---|---|

1   HOYER & HICKS
Richard A. Hoyer (SBN 151931)
2   rhoyer@hoyerlaw.com
Ryan L. Hicks (SBN 260284)
3   rhicks@hoyerlaw.com
Christina England (SBN 330465)
4   cengland@hoyerlaw.com
4 Embarcadero Center, Suite 1400
5   San Francisco, CA  94111
tel (415) 766-3539
6   fax (415) 276-1738

7   Attorneys for Plaintiff
MARIO MORENO
8

Per local Rule, This case is assigned to
Judge Douglas, Danielle K, for all purposes.

SUMMONS ISSUED

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10              **IN AND FOR THE COUNTY OF CONTRA COSTA**

11                                                         C23-00333

MARIO MORENO,                          Case No.
12
                        Plaintiff,        **COMPLAINT FOR DAMAGES:**
13
            vs.                           **1.  Discrimination in Violation of the**
14                                            **Fair Employment and Housing**
                                              **Act ("FEHA")**
CITY OF PLEASANT HILL; and DOES 1-      **2.  Retaliation in Violation of FEHA**
15   25, inclusive.                         **3.  Retaliation in Violation of Labor**
                                              **Code §1102.5**
16                      Defendants.        **4.  California Family Rights Act**
                                              **("CFRA") Rights Retaliation**
17                                          **5.  Family and Medical Leave Act**
                                              **("FMLA") Retaliation**
18

19
                                          **DEMAND FOR A JURY TRIAL**
20

21

22          Plaintiff Mario Moreno ("Mr. Moreno" or "Plaintiff") brings this action against

23   Defendants City of Pleasant Hill ("the City" or "Defendant") and alleges as follows:

24                              <u>**INTRODUCTION**</u>

25   1.      Plaintiff was employed by Defendant as a City Engineer from September 1996 through

26   February 2022. During his employment, the Defendant discriminated against Plaintiff based

27   on his race, national origin, and ethnicity, physically threatened Plaintiff, retaliated against

28   him for raising complaints regarding unlawful conduct, discrimination, and threats, and

COMPLAINT FOR DAMAGES                                                              1

1  ultimately terminated him. As a result of Defendant's unlawful conduct, Plaintiff has suffered
2  severe emotional distress along with economic damages.

3  <u>**PARTIES, JURISDICTION, AND VENUE**</u>

4  2.      Plaintiff was, at all relevant times herein, a resident of the State of California and
5  employed by Defendant in Contra Costa County.

6  3.      Plaintiff is informed and believes and thereon alleges that at all times mentioned in
7  this Complaint, Defendant and DOES 1 through 25, and each of them, were the agents,
8  employees, servants, parent companies, subsidiaries, joint ventures, partners, and/or co-
9  owners or successive owners of the other Defendants named in this Complaint and that at
10 all times, each of the Defendants was acting within the course and scope of said relationship
11 with the other Defendants.

12 4.      This Court has jurisdiction over the parties and claims involved in this action because
13 the acts and omissions complained of herein occurred at a workplace owned and operated
14 by Defendants in California. The amount of damages sought is within the unlimited
15 jurisdiction of this Court because the amount in controversy is over $25,000.

16 5.      Venue is proper in this Court pursuant to California Code of Civil Procedure section
17 395.5 because Defendants' liability arose in Contra Costa County.

18 <u>**EXHAUSTION OF ADMINISTRATIVE REMEDIES**</u>

19 6.      Plaintiff filed a timely charge of discrimination against Defendants with the California
20 Department of Fair Employment and Housing ("DFEH"). Plaintiff received a Right to Sue
21 notice from DFEH dated August 11, 2022, authorizing suit against Defendants.

22 7.      Plaintiff also filed a timely charge with the U.S. Equal Employment Opportunity
23 Commission ("EEOC") on January 6, 2022. He received a Right to Sue notice dated February
24 15, 2022.

25 8.      Pursuant to Gov. Code §910, Plaintiff presented his Government Code Claim for
26 discrimination and retaliation to Defendant and its counsel on August 12, 2022 via mail and
27 email. Defendant did not respond to the claim within 45 days as required by Gov. Code
28 §912.6.

9.     Plaintiff filed an administrative appeal with the City of Pleasant Hill on February 23, 2022. The City Charter Rule 13.8(b)2 requires that employees bear one half of the costs of the appeal. In late August 2022, the arbitrator appointed as the hearing officer informed Plaintiff that he would have to deposit over $20,000.00 in fees in order to proceed with the appeal. This sum is approximately 11% of his annual salary before he was terminated, and those fees and costs would likely have been exceeded for further time spent by the arbitrator.

10.     On November 1, 2022, Plaintiff withdrew his administrative appeal, citing the prohibitive costs as unconstitutional and a due process violation.

## FACTUAL ALLEGATIONS

11.     Plaintiff was employed by Defendant as a City Engineer from September 1996 through February 2022. He started as an Assistant Engineer and quickly rose through the ranks to Associate Engineer, Senior Engineer and was ultimately promoted to City Engineer in 2005. Plaintiff's performance and dedication to the needs of the City's residents have been recognized and praised throughout his career.

12.     In or around 2010, the Director of Community Development and Public Works retired. Mr. Moreno was informed by Ms. Catalano, the City Manager, that the position would not be filled, and the responsibilities would be distributed between Mr. Moreno and the three employees at his level. However, the duties of that position fell more heavily in the engineering area, and as a result, Mr. Moreno took on substantially more work with a higher level of responsibility than his colleagues.

13.     In or around 2013, Mr. Moreno complained to Ms. Catalano that he was not being fairly compensated for the additional work. The same year, he was denied the promotion to manager of the Maintenance Division, which was given to Mike Nielsen, Chief Building Official, who had no professional experience with maintenance, no related college degree, and no background or experience that would qualify him for the position over Mr. Moreno.

14.     In or around 2015, Mr. Moreno complained verbally and in writing to Janet Coleson, City Attorney and Ericka Mitchell, HR Representative, regarding discrimination, unfair compensation, and denial of promotion.

COMPLAINT FOR DAMAGES                                                                                    3

15.    In or around June 2017, the City finally responded to Mr. Moreno's complaints of unfair compensation and conducted a classification study. The study included Mike Nielsen, Building and Maintenance Manager, Greg Fuz, Planning Manager, and Mr. Moreno. However, when Mr. Moreno received the results in or around February 2018, they did not accurately reflect the additional work Mr. Moreno had taken on, and his compensation was not adjusted. However, Greg Fuz received both a salary and title increase.

16.    In early 2019, Mr. Moreno disputed these results and expressed that he believed he was being discriminated against because of his national origin because he was the only manager who did not receive any increase in compensation following the retirement of the Director of Community Development and Public Works and he was the only manager who was not a white male.

17.    In or around June 2019, the City began an investigation into Mr. Moreno's allegations of discrimination. In or around March 2020, Mr. Moreno received a letter informing him that the investigation was closed, and the City had not substantiated the allegations.

18.    In or around July 2019, Mr. Nielsen entered Mr. Moreno's office and threatened him and his staff with violence. Mr. Moreno immediately filed a report with Human Resources; however, the City's investigation again did not substantiate Mr. Moreno's claims despite the fact that he had provided an audio recording of the encounter. Mr. Nielsen was not disciplined in any way for his conduct.

19.    In addition to reporting discrimination and threats of violence in the workplace, in or around 2019 and 2020, Mr. Moreno also repeatedly complained to Ms. Coleson and Andrew Murray, Assistant City Manager, about his concerns that public funds were not being properly utilized by Ms. Catalano for public good and contracts for public works were not complete, fair, and/or did not fully comply with local, state, and federal requirements. Specifically, he expressly complained to Ms. Catalano that he believed that her conduct was an effort to mislead multiple government and private stakeholders in the project and circumvent federal permitting processes for the City's Library project. He raised these complaints verbally and in writing.

20.    In response to his continued reports of improper conduct, throughout 2019, 2020, and early 2021, Ms. Catalano began a campaign of retaliation against Mr. Moreno, as she removed him from numerous projects and assignments and gave them to less experienced staff, including Mr. Moreno's subordinates, undermining his ability to lead and manage his department.

21.    In or around April 2021, Mr. Moreno filed a formal complaint of retaliation but did not receive a response until after he was terminated.

22.    In or around early July 2021, Mr. Moreno requested leave under the Family and Medical Leave Act (FMLA) to care for his ill father. On or about July 12, 2021, Mr. Moreno was informed that he was being investigated for alleged misconduct on two projects from 2020. Because of the investigation initiated by Ms. Catalano, Mr. Moreno was forced to postpone his leave for several weeks.

23.    On or about August 30, 2021, Mr. Moreno returned from FMLA leave and was immediately notified that he was being placed on administrative leave pending the results of the investigation initiated by Ms. Catalano and was blocked from accessing any work-related systems or files. On or about September 10, 2021, Mr. Moreno was interviewed for the investigation but was unable to provide complete and substantive responses because he did not have access to his files.

24.    On or around October 8, 2021, Mr. Moreno received his annual performance evaluation from Ms. Catalano with low ratings in most categories. Before reporting discrimination and retaliation, all prior evaluations had rated Mr. Moreno's performance as outstanding and always came with performance bonuses.

25.    On or about December 29, 2021, Mr. Moreno received a Notice of Intent to Terminate from Ms. Catalano. On or around February 16, 2022, Mr. Moreno received a "Notice of Termination from Employment" stating that he was terminated from his employment, effective February 17, 2022 at 5:00 p.m. As a result of the malicious discrimination and retaliation by the City and specifically Ms. Catalano, Mr. Moreno was denied promotional opportunities and

1 | work assignments, demoted, disparaged, reprimanded, suspended, denied timely FMLA
2 | leave, and ultimately terminated after a stellar 25 career with the city.

3 | 26.     The above allegations are incorporated by reference in each and every cause of action
4 | stated below.

5 | **FIRST CAUSE OF ACTION**

6 | **Discrimination in Violation of FEHA**

7 | 27.     Defendant is a covered employer under FEHA.

8 | 28.     At all relevant times herein, Plaintiff was employed by Defendant.

9 | 29.     Defendant subjected Plaintiff to adverse employment actions, including but not limited
10 | to: a removal of job duties, issuing negative performance reviews, threats of violence, failure
11 | to promote, unfair compensation, and termination.

12 | 30.     Plaintiff's race, national origin, and ethnicity was a substantial motivating reason for
13 | Defendant's conduct.

14 | 31.     Plaintiff was harmed.

15 | 32.     Defendant's conduct was a substantial factor in causing Plaintiff's harm.

16 | **SECOND CAUSE OF ACTION**

17 | **Retaliation in Violation of FEHA**

18 | 33.     Defendant is a covered employer under FEHA.

19 | 34.     At all relevant times herein, Plaintiff was employed by Defendant.

20 | 35.     Plaintiff engaged in protected activity by complaining to Defendant about
21 | discrimination, including threats of violence, unfair compensation, and failure to promote.

22 | 36.     Defendant subjected Plaintiff to adverse employment actions, including but not limited
23 | to: removal of job duties, issuing negative performance reviews, failure to promote, and
24 | termination.

25 | 37.     Plaintiff's protected activity was a substantial motivating reason for Defendant's
26 | adverse employment actions.

27 | 38.     Plaintiff was harmed.

28 | 39.     Defendant's adverse employment actions were a substantial factor in causing

COMPLAINT FOR DAMAGES                                                                 6

1    Plaintiff's harm.

## THIRD CAUSE OF ACTION

### Retaliation in Violation of Labor Code § 1102.5

40.    At all relevant times herein, Plaintiff was employed by Defendant.

41.    Plaintiff engaged in protected activity by complaining to Defendant about discrimination, threats of violence, unfair compensation, unlawful conduct, failure to promote, and concerns that Ms. Catalano's use of public funds and contracts for public works did not comply with local, state, and federal requirements, specifically with respect to the City's Library project.

42.    Defendant subjected Plaintiff to adverse employment actions, including but not limited to: removal of job duties, issuing negative performance reviews, failure to promote, and ultimately termination.

43.    Plaintiff's protected activity and complaints of unlawful conduct in the workplace were a motivating reason for Defendant's adverse employment actions.

44.    Plaintiff was harmed.

45.    Defendant's unlawful conduct, as alleged herein, was a substantial factor in causing Plaintiff's harm.

## FOURTH CAUSE OF ACTION
### CFRA Rights Retaliation

46.    Plaintiff was eligible for family care and medical leave.

47.    Plaintiff requested family care and medical leave and took medical leave.

48.    Defendant subjected Plaintiff to adverse employment actions, including but not limited to: removal of job duties, issuing negative performance reviews, failure to promote, and termination.

49.    Plaintiff's request for and taking of family care and medical leave was a substantial motivating reason for the adverse employment actions.

50.    Plaintiff was harmed.

COMPLAINT FOR DAMAGES                                                                7

51.    Defendant's retaliatory conduct was a substantial factor in causing Plaintiff's harm.

### FIFTH CAUSE OF ACTION
#### FMLA Rights Retaliation

52.    Plaintiff was eligible for family care and medical leave.

53.    Plaintiff requested FMLA leave and took FMLA leave.

54.    Defendant subjected Plaintiff to adverse employment actions, including but not limited to: removal of job duties, issuing negative performance reviews, failure to promote, and termination.

55.    Plaintiff's request for and taking FMLA leave was a substantial motivating reason for the adverse employment actions.

56.    Plaintiff was harmed.

57.    Defendant's retaliatory conduct was a substantial factor in causing Plaintiff's harm.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.  Damages including lost wages, emotional and physical distress, as well as any other damages allowed under California law, to be paid by Defendant;

2.  All applicable statutory penalties, if any;

3.  Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

4.  A declaratory judgment that Defendant retaliated against Plaintiff in violation of the Labor Code, The FMLA, the CFRA, and the FEHA;

5.  A declaratory judgment that Defendant's Charter Rule 13.8b(2) violated Plaintiff's due process rights and is unconstitutional;

6.  Pre-and post-judgment interest, as provided by law; and

7.  Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to a jury trial.

Date: February 14, 2023

HOYER & HICKS

_____

Richard A. Hoyer
Ryan L. Hicks
Christina E. England
*Attorneys for Plaintiff*
*MARIO MORENO*

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ryan L. Hicks (SBN 260284); Christina England (SBN 330465)<br>4 Embarcadero Center, Suite 1400, San Francisco, CA 94111<br><br>TELEPHONE NO.: (415) 766 3539     FAX NO. *(Optional)*: (415) 276 1738<br>E-MAIL ADDRESS: rhicks@hoyerlaw.com; cengland@hoyerlaw.com<br>ATTORNEY FOR *(Name)*: MARIO MORENO | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA**
STREET ADDRESS: 725 Court Street
MAILING ADDRESS: 725 Court Street
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME:
MORENO v. CITY OF PLEASANT HILL, and DOES 1-25

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| [x] **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | C23-00333<br><br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>**(Cal. Rules of Court, rules 3.400–3.403)** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 5 (Discrimination, Retaliation (FEHA, 1102.5), CFRA/FMLA Retaliation)
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 02/14/2023

Ryan L. Hicks
_____
(TYPE OR PRINT NAME)                               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
  - Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form | Save this form | Clear this form

## Superior Court of California, County of Contra Costa

# NOTICE TO DEFENDANTS
### In Unlimited Jurisdiction Civil Actions

**YOU ARE BEING SUED.**  The packet you have been served should contain:

a.   The Summons

b.   The Complaint

c.   The Notice of Case Management (shows hearing date and time)

d.   Blank: Case Management Statement (Judicial Council Form CM-110)

e.   Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)

f.   Alternative Dispute Resolution (ADR) Information  (Local Court Form CV-655c-INFO)

---

 **WHAT DO I DO NOW?** 

### You must:

1.  **Prepare your response**   YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2.  **Complete the *Case Management  Statement*  *(CM-110)***

3.  **File and serve your court papers on time**   Once your court forms are complete, you must file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4.  **Prove you served your court papers on time**   by having your server complete a *Proof of Service, (Judicial Council form POS-040),* that must be filed at the court within 60 days.

5.  **Go to court** on the date and time given in the *Notice of Case Management Conference.*

6.  **Consider trying to settle your case before trial**   If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers.  For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or email adrweb@contracosta.courts.ca.gov.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case.  While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

---

**COURT FEES:**  You must pay court fees the first time you file your papers.  If you also file a motion, you must pay another fee.  If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

**COURT FORMS:**  Buy forms at the Law Library (1020 Ward Street, Martinez, CA) or download them for free at: www.courtinfo.ca.gov/forms/

## WHAT KIND OF RESPONSES CAN I FILE?

1. If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true, you can file an ANSWER.

2. If you have a claim in the same case against the plaintiff, you may file a CROSS-COMPLAINT.

3. If you want to ask the court to do something on your behalf, you may file a MOTION *(See TYPES OF MOTIONS below)*

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers you can use, depending on whether the Complaint was verified. You can tell if a Complaint is verified because it says "Verified Complaint" and/or has a signed oath on the last page.

**For complaints that are NOT verified:**

> Use Judicial Council form PLD-050 – General Denial

**For complaints that ARE verified:**

> a. For personal injury, property damage, and wrongful death claims, use Judicial Council PLD-PI-003 (do not check number 2).
>
> b. For contract claims, use Judicial Council PLD-C-010 (do not check number 3a).
>
> c. Be sure to deny every claim with which you disagree. For example, you might write: *"I believe, or know, that the information in paragraph #__ is untrue/incorrect."* Continue your list until you have addressed each paragraph in the Complaint.

**NOTE:** The Judicial Council Answer forms have spaces for your affirmative defenses. Be sure to include them or you may not be able to use them later. To find out what your affirmative defenses might be, go to the law library and ask the librarian to help you find the information you need.

**If you want to file a Cross-Complaint, you must do so at the same time you file the Answer.**

> a. For a personal injury, property damage, and/or wrongful death Cross-Complaint, use Judicial Council form PLD-PI-002.
>
> b. For a contract Cross-Complaint, use Judicial Council PLD-C-001.

## TYPES OF MOTIONS

Written motions are documents that ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. Demurrer *(the facts stated in the complaint are wrong, or the deadline to file the lawsuit has passed)*;
2. Motion to Strike *(the complaint is unclear; does not follow the law, "doesn't matter", etc.)*;
3. Motion to Transfer *(the complaint is in the wrong court or there's a more appropriate court)*;
4. Motion to Quash Service of Summons *(you were not legally served)*;
5. Motion to Stay *(put the case on hold)*; or
6. Motion to Dismiss *(stops the case)*.

> **NOTE: Motions are very complicated and you may want to hire a lawyer to help you.**

## WHERE CAN I GET MORE HELP?

- **Lawyer Referral Service:** (925) 825-5700
- **Bay Area Legal Aid:** (800) 551-5554
- **Contra Costa County Law Library**   Martinez: (925) 646-2783      Richmond: (510) 374-3019
- **Ask the Law Librarian:**   www.247ref.org/portal/access_law3.cfm



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

---

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form (*CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions?* Email *adrweb@contracosta.courts.ca.gov or call (925) 608-2075*

---

### MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties email, fax or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediators regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

### PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties email, fax or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 60 days. Parties must use the ADR-102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions.  All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties email, fax or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that evaluators regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at adrweb@contracosta.courts.ca.gov

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____

Plaintiff(s) / Cross Plaintiff(s)

vs.

_____

_____

Defendant(s) / Cross Defendant(s)

### _ADR Case Management Stipulation and Order_
_(Unlimited Jurisdiction Civil Cases)_

CASE NO: _____

---

▸ ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST **SUBMIT THE ORDER FOR THE JUDGE'S SIGNATURE AND FILE THIS FORM AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE.** (NOT AVAILABLE IN COMPLEX LITIGATION CASES.)

▸ PARTIES MUST ALSO **SEND A COPY OF THIS FILED STIPULATION AND ORDER TO THE ADR OFFICE**: EMAIL adrweb@contracosta.courts.ca.gov  FAX: (925) 608-2109  MAIL: P.O. BOX 911, MARTINEZ, CA 94553

---

**Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:**

1. Selection and scheduling for Alternative Dispute Resolution (ADR):
    a. The parties have agreed to ADR as follows:
        i. ❑ Mediation  (❑ Court-connected  ❑ Private)
        ii. ❑ Arbitration  (❑ Judicial Arbitration (non-binding)  ❑ Private (non-binding)  ❑ Private (binding))
        iii. ❑ Neutral case evaluation
    b. The ADR neutral shall be selected by *(date)*: _____ *(no more than 14 days after filing this form)*
    c. ADR shall be completed by (date): _____ *(no more than 90 days after filing this form)*
2. The parties will complete the following discovery plan:
    a. ❑ Written discovery:  (❑ Additional page(s) attached)
        i. ❑ Interrogatories to:
        ii. ❑ Request for Production of Documents to:
        iii. ❑ Request for Admissions to:
        iv. ❑ Independent Medical Evaluation of:
        v. ❑ Other:
    b. ❑ Deposition of the following parties or witnesses: (❑ Additional page(s) attached)
        i. _____
        ii. _____
        iii. _____
    c. ❑ No Pre-ADR discovery needed
3. The parties also agree: _____
   _____
4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Title Three; Chapter 5, will pay the fees associated with these services, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

| | | | | |
|---|---|---|---|---|
| _____ | \| | _____ | _____ | \| _____ |
| Counsel for Plaintiff *(print)* | | Fax | Counsel for Defendant *(print)* | Fax |
| _____ | \| | | _____ | \| |
| Signature | | | Signature | |
| _____ | \| | _____ | _____ | \| _____ |
| Counsel for Plaintiff *(print)* | | Fax | Counsel for Defendant *(print)* | Fax |
| _____ | | | _____ | |
| Signature | | | Signature | |

---

Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, **IT IS SO ORDERED** that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____ ) **Plaintiff / Plaintiff's counsel must notify all parties of the new case management conference.**

Dated: _____     _____

**Judge of the Superior Court**

---

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:        FAX NO. *(Optional)*:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT**<br>*(Check one):* ☐ **UNLIMITED CASE** ☐ **LIMITED CASE**<br>(Amount demanded (Amount demanded is $25,000<br>exceeds $25,000) or less) | CASE NUMBER: |
|---|---|

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                Time:            Dept.:            Div.:            Room:

Address of court *(if different from the address above)*:

☐  Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action)*:

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. September 1, 2021]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
*www.courts.ca.gov*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request ☐ a jury trial ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**

a.  ☐  The trial has been set for  *(date):*

b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint  *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a.  ☐  days *(specify number):*

b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial  ☐  by the attorney or party listed in the caption  ☐  by the following:

a.  Attorney:

b.  Firm:

c.  Address:

d.  Telephone number:       f.  Fax number:

e.  E-mail address:       g.  Party represented:

☐  Additional representation is described in Attachment 8.

9.  **Preference**

☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 of the California Rules of Court for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☐ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

<div style="text-align: right;">**CM-110**</div>

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

<div style="text-align:right"><strong>CM-110</strong></div>

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

## Superior Court of California, Contra Costa County

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA 94553
925-608-1000
www.cc-courts.org



K. Bieker
Court Executive Officer

| CASE NAME:<br>MARIO MORENO VS. CITY OF PLEASANT HILL | CASE NUMBER:<br>C23-00333 |
|---|---|

1.  NOTICE IS HEREBY GIVEN THAT A CASE MANAGEMENT CONFERENCE IS SET IN THE ABOVE ENTITLED CASE AND WILL BE HELD IN THIS COURT ON:

| HEARING DATE:<br>06/27/2023 | HEARING TIME:<br>8:30 AM | HEARING LOCATION:<br>DEPARTMENT 18<br>725 COURT ST  RM 300  MARTINEZ, CA 94553 |
|---|---|---|

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION SHEET, A BLANK CASE MANAGEMENT STATEMENT, AND A BLANK ADR CASE MANAGEMENT STIPULATION AND ORDER FORM ARE TO BE SERVED ON OPPOSING PARTIES.   ALL PARTIES SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY OF RECORD MUST APPEAR.

2.  YOU MAY STIPULATE TO AN EARLIER CASE MANAGEMENT CONFERENCE. IF ALL PARTIES AGREE TO AN EARLY CASE MANAGEMENT CONFERENCE, PLEASE CONTACT THE COURT CLERK'S OFFICE AT (925)608-1000 FOR UNLIMITED CIVIL AND LIMITED CIVIL CASES FOR ASSIGNMENT OF AN EARLIER DATE.

3.  YOU MUST BE FAMILIAR WITH THE CASE AND BE FULLY PREPARED TO PARTICIPATE EFFECTIVELY IN THE CASE MANAGEMENT CONFERENCE AND TO DISCUSS THE SUITABILITY OF THIS CASE FOR THE EASE PROGRAM, PRIVATE MEDIATION, BINDING OR NON-BINDING ARBITRATION, AND/OR USE OF A SPECIAL MASTER.

4.  AT ANY CASE MANAGEMENT CONFERENCE THE COURT MAY MAKE PRETRIAL ORDERS INCLUDING THE FOLLOWING:
    a)  AN ORDER ESTABLISHING A DISCOVERY SCHEDULE
    b)  AN ORDER REFERRING THE CASE TO ARBITRATION
    c)  AN ORDER TRANSFERRING THE CASE TO LIMITED JURISDICTION
    d)  AN ORDER DISMISSING FICTITIOUS DEFENDANTS
    e)  AN ORDER SCHEDULING EXCHANGE OF EXPERT WITNESS INFORMATION
    f)  AN ORDER SETTING SUBSEQUENT CONFERENCE AND THE TRIAL DATE
    g)  AN ORDER CONSOLIDATING CASES
    h)  AN ORDER SEVERING TRIAL OF CROSS-COMPLAINTS OR BIFURCATING ISSUES
    i)  AN ORDER DETERMINING WHEN DEMURRERS AND MOTIONS WILL BE FILED

### SANCTIONS

IF YOU DO NOT FILE THE CASE MANAGEMENT STATEMENT OR ATTEND THE CASE MANAGEMENT CONFERENCE OR PARTICIPATE EFFECTIVELY IN THE CONFERENCE, THE COURT MAY IMPOSE SANCTIONS (INCLUDING DISMISSAL OF THE CASE AND PAYMENT OF MONEY).

### SUPERIOR COURT OF CALIFORNIA, CONTRA COSTA COUNTY

I DECLARE UNDER PENALTY OF PERJURY THAT I AM NOT A PARTY TO THE WITHIN ACTION OR PROCEEDING; THAT ON THE DATE BELOW INDICATED, I SERVED A COPY OF THE FOREGOING NOTICE BY DEPOSITING SAID COPY ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON FULLY PREPAID IN THE UNITED STATES MAIL AT MARTINEZ, CALIFORNIA AS INDICATED ABOVE.

DATE:   3/2/2023                          BY: _____

K. JINKERSON, DEPUTY CLERK

### Superior Court of California, Contra Costa County

CV - Martinez-Wakefield Taylor Courthouse
725 Court Street
Martinez CA  94553
925-608-1000
www.cc-courts.org



K. Bieker
Court Executive Officer

NOTICE OF HEARING HAS BEEN PRINTED FOR THE FOLLOWING ATTORNEYS/FIRMS OR PARTIES FOR CASE NUMBER: C23-00333 ON 3/2/2023:

RYAN L HICKS
4 EMBARCADERO CENTER
SUITE 1400
SAN FRANCISCO CA  94111