# EXHIBIT B

| | |
|---|---|
| 1 | JACKSON LEWIS P.C. |
| | MICHAEL J. CHRISTIAN (SBN 173727) |
| 2 | SHANE R. LARSEN (SBN 283966) |
| | 400 Capitol Mall, Suite 1600 |
| 3 | Sacramento, California 95814 |
| | Telephone:     (916) 341-0404 |
| 4 | Facsimile:     (916) 341-0141 |

Emails: michael.christian@jacksonlewis.com
             shane.larsen@jacksonlewis.com

Attorneys for Defendant,
CITY OF PLEASANT HILL

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF CONTRA COSTA

| | |
|---|---|
| MARIO MORENO, an individual, | Case No. C23-00333 |
| Plaintiff, | Exempt Pursuant to Gov't Code § 6103 |
| v. | **DEFENDANT CITY OF PLEASANT HILL'S ANSWER TO PLAINTIFF MARIO MORENO'S COMPLAINT FOR DAMAGES** |
| CITY OF PLEASANT HILL; and DOES 1-25, inclusive, | |
| Defendants. | Complaint Filed:   February 14, 2023 |
| | Trial Date:              TBD |

Defendant CITY OF PLEASANT HILL ("Defendant") hereby answers Plaintiff MARIO MORENO'S ("Plaintiff") unverified Complaint ("Complaint"), without waiving its right to remove the case to federal court or compel arbitration, as follows:

**GENERAL DENIAL**

Pursuant to Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

Defendant asserts the following affirmative defenses to Plaintiff's Complaint:

///

///

**FIRST AFFIRMATIVE DEFENSE**

The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that the doctrine of estoppel applies.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent the doctrine of laches applies.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from any recovery under Plaintiff's Complaint, or any cause of action alleged therein, to the extent the doctrine of unclean hands applies.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent the doctrine of waiver applies.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant is entitled to offset for any monies received by Plaintiff from any source in compensation for his alleged economic damages and non-economic damages under the common-law doctrine of offset and under the doctrine prohibiting double recovery set forth in *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's purported claims for emotional distress damages are barred because the exclusive remedy for Plaintiff's alleged emotional distress and other injuries, if any, is before the California Workers' Compensation Appeals Board pursuant to the exclusive remedy provisions of the California Workers' Compensation Act (*see* California Labor Code section 3600 *et seq*.). Plaintiff's Complaint alleges an injury compensable under the California Workers' Compensation Act because Plaintiff alleges that his injuries: (1) occurred at a time when both Plaintiff and Defendant was subject to Labor Code section 3600(a); (2) occurred in the course of and incidental

to Plaintiff's employment; and (3) were proximately caused by Plaintiff's employment.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent Defendant obtains through discovery or otherwise after-acquired evidence of wrongdoing by Plaintiff, the Complaint and each purported cause of action alleged therein are barred by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent the applicable statute(s) of limitation, including but not limited to, California Government Code sections California Government Code sections 911.2, 945.6, and 12960(d) and/or 12965(b), California Code of Civil Procedure sections 335.1 and/or 338(a), 29 USC section 2617, and the principals articulated in *Owens v. Okurke* (1989) 488 US 235, apply.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that he failed to exhaust administrative and judicial remedies in one or more respects including, but not limited to:

a. By failing to timely and/or properly file a claim with the Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission and/or U.S. Department of Labor describing the violations and conduct alleged in Plaintiff's Complaint against Defendant;

b. By filing this lawsuit before receipt of a right-to-sue letter from the Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission and/or U.S. Department of Labor for the claims alleged against Defendant; and/or

c. By failing to timely and properly file a government claim with the City per California Government Code sections 911.2, 945.6, *et seq*.

d. By failing to timely and properly exhaust internal remedies and procedures.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred

because any and all actions taken by Defendant with regard to Plaintiff's employment were based on legitimate, non-discriminatory and non-retaliatory business reasons and would have been taken regardless of Plaintiff's alleged protected characteristic or protected activity, if any.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovering any damages, or his damages must be reduced, to the extent Plaintiff failed to exercise reasonable diligence to mitigate his alleged damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant is not liable for Plaintiff's damages, if any, because Defendant's conduct was privileged, in that Defendant was exercising its legal rights; Defendant's conduct was lawful and consistent with community standards; and Defendant had a good-faith belief that it had a legal right to engage in the conduct.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint as a whole and each purported cause of action alleged therein are barred or his damages, if any, are barred or reduced, to the extent that any alleged discriminatory or retaliatory conduct by Defendant's employees (which Defendant denies) was contrary to Defendant's anti-discrimination and anti-retaliation policies, which Defendant implemented in good faith, and fairly and adequately enforced.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Any damages for alleged discrimination are barred or limited based on the doctrine of avoidable consequences, including, but not limited to the extent that: (1) Defendant exercised reasonable steps to prevent and correct any workplace behavior alleged unlawful; (2) Plaintiff unreasonably failed to use the preventive and corrective measures that Defendant provided; and (3) reasonable use of Defendant's procedures would have prevented all or at least some of the harm that Plaintiff suffered.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred and/or Plaintiff is precluded from any monetary damages because, even assuming, *arguendo*, that the Court or a jury should find that discriminatory or retaliatory reasons were a factor in any

employment decision involving Plaintiff (which Defendant denies), Defendant would have made the same employment decisions with regard to Plaintiff in any case for legitimate, non-discriminatory and non-retaliatory reasons, and the alleged illegal reasons were not a substantial factor in motivating Defendant's actions. *See Harris v. City of Santa Monica* (2013) 56 Cal.4th 203.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred because any and all actions taken by Defendant with respect to Plaintiff were job-related for the position in question, were taken in good faith for legitimate, non-discriminatory and non-retaliatory business reasons, and were consistent with business necessity.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state a cause or causes of action for punitive damages against Defendant under California Civil Code sections 3294 and 3295.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and purported cause of action alleged therein, fails to state a cause or causes of action for attorneys' fees against Defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

Any recovery on Plaintiff's Complaint, or on each purported cause of action alleged therein, is barred by California Labor Code sections 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of Plaintiff's duties and failed to comply substantially with the reasonable directions of Plaintiff's employer.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each purported cause of action alleged therein, fails to the extent Defendant, and its agents and employees, did not violate any clearly established constitutional or statutory laws and acted reasonably and, therefore, are entitled to qualified immunity.

///

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff's causes of action are barred because Plaintiff failed to take the appropriate steps, and failed to properly communicate with Defendant, regarding any requested or desired leave of absence.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiff's causes of action are barred because Plaintiff was not eligible for any leave he requested or sought.

**PRAYER**

WHEREFORE, having answered Plaintiff's Complaint and having alleged affirmative defenses, Defendant prays:

1. That Plaintiff take nothing by his Complaint;
2. For judgment in Defendant's favor and dismissal of all Plaintiff's claims against it;
3. For Defendant's costs and attorneys' fees incurred in this action; and
4. For such other and further relief as the Court may deem proper.

FDate:  April 14, 2023

JACKSON LEWIS P.C.

By: _____
MICHAEL J. CHRISTIAN
SHANE R. LARSEN

Attorneys for Defendant
CITY OF PLEASANT HILL

## PROOF OF SERVICE

I, the undersigned declare:

I am employed in the County of Sacramento, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 400 Capitol Mall, Suite 1600, Sacramento, California 95814.

On the date set forth below, I served the within:

**DEFENDANT CITY OF CITRUS PLEASANT HILL'S ANSWER TO PLAINTIFF MARIO MORENO'S COMPLAINT FOR DAMAGES**

on the parties below:

✓ by forwarding a true and correct copy by e-mail from e-mail address angie.lombard@jacksonlewis.com to the person(s) at the e-mail address(es) set forth below.

✓ by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid for deposit in the United States Post Office mailbox, at my business address shown above, following Jackson Lewis P.C.'s ordinary business practices for the collection and processing of mail, of which I am readily familiar, and addressed as set forth below. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

by depositing a true and correct copy thereof enclosed in a sealed envelope with delivery fees thereon fully prepaid in a box or other facility regularly maintained by Federal Express or delivering to an authorized courier or driver authorized by Federal Express to receive documents, addressed as set forth below.

| | |
|---|---|
| **HOYER & HICKS**<br>Richard A. Hoyer (SBN 151931)<br>rhoyer@hoyerlaw.com<br>Ryan L. Hicks (SBN 260284) :<br>rhicks@hoyerlaw.com<br>Christina England (SBN 330465)<br>cengland@hoyerlaw.com<br>4 Embarcadero Center, Suite 1400<br>San Francisco, CA 94111 | Attorneys for Plaintiff<br>**MARIO MORENO**<br><br>T:  (415) 766-3539<br>F:  (415) 276-1738 |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on April 14, 2023, at Sacramento, California.

_____
Angie Lombard

4863-8943-2669, v. 1